ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SCHUMACHER HOMES OPERATIONS, INC., | ) ) ) | CASE NO. 5:05CV1715 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) ) | ORDER [RESOLVING DOC. 37] |
| RESERVE BUILDERS, L.L.C., et al, | ) ) | |
| Defendants. | ) | |

This action is before the Court upon Westfield Insurance Company's Motion for Leave to Intervene as a New Party Plaintiff (Doc. 37) pursuant to Fed. R. Civ. P. 24. Westfield has attached a copy of the proposed Complaint/Cross-Complaint for Declaratory Judgment to the motion. *See* Exhibit A. The Court has reviewed the memorandum in support, memorandum in opposition of defendants Reserve Builders, L.L.C. and Daniel Stauffer (hereinafter collectively referred to as "Reserve") (Doc. 39), and reply memorandum (Doc. 40). Plaintiff Shumacher Homes Operations, Inc. is silent on the issue of Westfield's intervention.

This copyright infringement action arises out of the construction of a home by Reserve for third-party defendants John Martin and Niki Martin. Plaintiff alleges that Reserve infringed the plaintiff's copyrights by creating construction plans that were copies or derivatives of the plaintiff's Copyrighted Architectural Works and by constructing the house utilizing the plans. Plaintiff also alleges that Reserve's copyright infringement was committed knowingly and/or willfully.

Westfield is providing Reserve with a defense in this lawsuit, under a reservation of rights, through a Commercial Insurance Coverage Policy ("the Policy") which was allegedly in effect during the applicable time frame. However, Westfield contends that under the terms of the Policy, it has no duty to provide coverage, to defend, or indemnify Reserve with respect to the claims asserted by the plaintiff in the case at bar. Accordingly, Westfield seeks leave to intervene to file a Complaint/Cross-Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and/or Ohio Rev. Code § 2721.02 to declare that the Policy does not cover the claims against Reserve. It seeks intervention as of right or, in the alternative, permissive intervention. For the reasons set forth herein, the Motion to Intervene is DENIED.

*I.     Intervention as of right*

Proposed intervenors must establish four elements to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a): "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)). Failure to establish any one of these factors requires that the within motion be denied. *Grubbs v. Norris*, 870 F.2d 343, (6th Cir. 1989). The Court finds that Westfield has not established the third and fourth elements in the case at bar. There is no impairment of Westfield's interest if it is not allowed to intervene in this case. Moreover, Westfield's interest is adequately represented by Reserve.

2

First, the Court finds that Westfield timely filed its Motion to Intervene. It learned of the present action in late October or early November, 2005. On November 16, 2005, Westfield sent a reservation of rights letter to Reserve. Westfield filed the within motion on February 10, 2006. Reserve points to the three-month gap between notice and filing as an unexplained delay that should bar Westfield's intervention. In spite of Reserve's argument, the Court determines that Westfield's motion is timely and the three-month delay is justified. As Westfield states at page six of the memorandum in support of the motion, during the three-month gap, Reserve and the plaintiff were conducting settlement negotiations. Thus, Westfield chose not to incur the expense of intervening if the parties could resolve their differences without a trial. In fact, Westfield participated in settlement negotiations with the original parties and even contributed to the February 3, 2006 settlement offer, which was rejected. After the settlement negotiations failed, Westfield filed its motion to protect its rights under the Policy.

Second, Westfield has a substantial legal interest in proving that the terms of the Policy do not cover Reserve in this case. Westfield is providing a defense to Reserve under an insurance policy that may cover the transaction that is the subject matter of the case at bar. Moreover, if the Policy covers Reserve, Westfield may have to indemnify Reserve for any judgment recovered by the plaintiff.

Third, Westfield argues that its ability to protect its interest may be impaired in the absence of intervention. If the current case proceeds and the plaintiff obtains a judgment against Reserve, Westfield notes that it could be subjected to a supplemental complaint pursuant to Ohio

Rev. Code § 3929.06[1] and the plaintiff could demand that Westfield pay for any judgment awarded to plaintiff.

As was the case in *Davila v. Arlasky*, 141 F.R.D. 68 (N.D.Ill. Sept. 19, 1991) (patent infringement and inducement to infringe case), the coverage issue in the case at bar turns in part on some of the ultimate facts on which the underlying suit is based.  Westfield contends that to the extent Reserve acted deliberately by committing copyright infringement, the acts were outside the coverage of the Policy.  Westfield may have additional reasons for denying coverage that do not go to the ultimate facts of the underlying dispute, but as long as there is some overlap with the plaintiff's claims (*i.e.*, claims of willful action by Reserve), a conflict exists between Westfield, who would be just as happy to see willful conduct proved, and Reserve, who wants any liability to be covered by the Policy. *Id.* at 72.

Finally, Westfield argues that both the plaintiff and Reserve have incentive to establish that the Policy covers Reserve.  Plaintiff's interest relates to guaranteeing payment of any judgment awarded to it.  Reserve's interest relates to having Westfield pay for both its defense and any judgment awarded to the plaintiff.  Thus, according to Westfield, neither the plaintiff nor Reserve has an interest in developing facts that may lead to a denial of coverage under the Policy.  Thus, only Westfield can adequately represent its own interests by developing facts to

---

[1]Subsection (C)(1) provides:
In a civil action that a judgment creditor commences in accordance with divisions (A)(2) and (B) of this section against an insurer that issued a particular policy of liability insurance, the insurer has and may assert as an affirmative defense against the judgment creditor any coverage defenses that the insurer possesses and could assert against the holder of the policy in a declaratory judgment action or proceeding under Chapter 2721 of the Revised Code between the holder and the insurer.

4

prove the Policy does not cover Reserve.  In response, Reserve asserts that "Westfield has failed to establish that it does not share the same ultimate objective to the suit as [Reserve]."  Specifically, Reserve argues that both it and Westfield's ultimate objective is to establish that Reserve committed no copyright infringement.  The Court concludes that the interest of minimizing the judgment against Reserve in case Westfield does end up liable is adequately represented by Reserve who has an incentive to minimize any liability since it knows that it may end up paying the judgment itself.  *Id.*

*II.  Permissive intervention under Fed. R. Civ. P. 24(b)*

Because of the competing interests of Reserve and Westfield, the Court will deny permissive intervention.  Permissive intervention may be allowed at the discretion of the trial court when "an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b).  The very actions of which the plaintiff complains, if proven, may lead to a determination that Reserve has acted outside the scope of the protection afforded by the Policy, *i.e.*, whether there was willful copyright infringement on the part of Reserve.  Thus, at least some common questions of fact exist which would support permissive intervention.  In addition, though, under Rule 24(b) a court must also consider whether "the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

The Court will deny Westfield Rule 24(b) intervention.  Allowing Westfield to intervene where its interests are unquestionably antagonistic to Reserve's will prejudice the adjudication of the rights of Reserve.  Not only will Reserve have the burden of presenting a defense to the plaintiff's allegations, but it will carry the additional burden of having its insurer possibly interfere with its defense.  *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 639 (1st Cir. 1989).

5

Because of the conflict between Reserve and its insurer, the better course of action, rather than grant permissive intervention, is to allow a separate declaratory judgment action to be filed in state court to resolve the coverage issues. *Nieto v. Kapoor*, 61 F.Supp.2d 1177, 1195 (D.N.M. 1999), *aff'd*, 268 F.3d 1208 (10th Cir. 2001).

In addition, Federal courts do not have ancillary jurisdiction over the permissive intervenor's claims as they do with intervention as of right. *National Union Fire Insurance Co. v. Continental Illinois Corp.*, 113 F.R.D. 532, 538 (N.D.Ill. 1986). In order to be allowed permissive intervention Westfield must establish an independent basis for subject matter jurisdiction. Westfield is an Ohio corporation. Its proposed Complaint/Cross-Complaint for Declaratory Judgment shows that there is no diversity in this case, and it has not asserted that any federal question is raised in interpreting the Policy. The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide for its own subject matter jurisdiction; a plaintiff must establish either diversity or federal question jurisdiction before a district court can consider a request for a declaratory judgment. *United States v. Burchett*, No. 93-5734, 1993 WL 473698, at *1 (6th Cir. Nov. 16, 1993) (citing *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)). With no basis for subject matter jurisdiction, permissive intervention will be denied. *Davila*, 141 F.R.D. at 73.

IT IS SO ORDERED.

| | |
|---|---|
| April 14, 2006 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |